FILED
2020 Oct-14  AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Marquita Felicia Biffle, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: |
| | ) |
| Equifax Information Services, LLC, | ) |
| Trans Union, LLC, | ) |
| Experian Information Solutions, Inc., | ) |
| American Credit Acceptance Corporation, | ) DEMAND FOR JURY TRIAL |
| Telerecovery Corporation, | ) |
| Medical Data Systems, Inc., | ) |
| Credit and Collections Services | ) |
| | ) |
| | ) |
| Defendant(s). | ) |

_____

## **COMPLAINT**

Plaintiff Marquita Felicia Biffle ("Plaintiff"), by and through her attorneys, and as for her

Complaint against Defendant Experian Information Solutions, Inc. ("Experian") Defendant

Equifax Information Services, LLC ("Equifax"), Defendant Trans Union, LLC ("Trans Union"),

Defendant American Credit Acceptance Corporation ("ACA"), Defendant Telerecovery

Corporation ("Telerecovery"), Defendant Medical Data Systems, Inc. ("MDS"), and Defendant

Credit and Collections Services ("CCS") respectfully sets forth, complains, and alleges, upon

information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors, violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## **PARTIES**

5. Plaintiff is a resident of this State and District with a mailing address at 2131 River Haven Lane, Hoover, AL 35244.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in Alabama and may be served with process upon Corporation Service Company, Inc. its registered agent for service of process at 641 South Lawrence Street, Montgomery, AL 36104.

8.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

9.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Alabama, and may be served with process upon Corporation Service Company, Inc. its registered agent for service of process at 641 South Lawrence Street, Montgomery, AL 36104.

11. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

12. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Alabama, and may be served with process upon CT Corporation

System, its registered agent for service of process at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

14. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant American Credit Acceptance Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at 340 E. Main St., Ste. 500, Spartanburg, South Carolina 29302.

17. Defendant Telerecovery Corporation is a limited liability company as well as a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service at 3806 Florida Ave., Kenner, Louisiana 70065.

18. Defendant Telerecovery is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

19. Defendant Telerecovery was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

20. Defendant Medical Data Systems, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 2001 9th Ave., Ste. 312, Vero Beach, Florida 32960.

21. Defendant Medical Data Systems, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

22. Defendant Medical Data Systems, Inc. was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

23. Defendant Credit & Collection Services, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 403 4th Ave S, Jasper, AL 35501.

24. Defendant Credit & Collection Services, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

25. Defendant Credit & Collection Services, Inc. was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### ACA Dispute and Violation

27. On information and belief, on a date better known to Defendants Equifax, Trans Union, and Experian hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's ACA car loan account.

28. The inaccurate information furnished by Defendant ACA and published by the Bureaus is inaccurate because the ACA tradeline includes inaccurate and false late payment notations.

29. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

30. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around June 17, 2020 specifically stating in separate letters sent to each bureau that he was disputing the reporting of the Citi tradeline.

31. It is believed, and therefore averred, that the Bureaus notified Defendant ACA of the Plaintiff's dispute.

32. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, ACA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

33. Had ACA done a reasonable investigation it would have been revealed to ACA that the account contains incorrect late payment notations.

34. Furthermore, ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

35. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to

substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

36. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

37. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

38. As of the date of the filing of this Complaint, Defendant ACA continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

39. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

40. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

Telerecovery Dispute and Violation

41. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a Telerecovery collection account.

42. The inaccurate information furnished by Defendant Telerecovery and published by Equifax is inaccurate because it a collection account for which the Plaintiff disputed owing money to the creditor, and has no relationship with this debt collector.

43. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

44. Plaintiff notified Equifax that she disputed the accuracy of the information being reported with a letter sent on or around November 13, 2018.

45. It is believed, and therefore averred, that Equifax notified Defendant Telerecovery of the Plaintiff's dispute.

46. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Telerecovery failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

47. Had Telerecovery done a reasonable investigation it would have been revealed to Telerecovery that this collection account was improper.

48. Furthermore, Telerecovery failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

49. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider

any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

50. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

51. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

52. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## MDS Dispute and Violation

53. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a MDS collection account.

54. The inaccurate information furnished by Defendant MDS and published by Equifax is inaccurate because it a collection account for which the Plaintiff disputed owing money to the creditor, and has no relationship with this debt collector.

55. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

56. Plaintiff notified Equifax that she disputed the accuracy of the information being reported with a letter sent on or around November 13, 2018.

57. It is believed, and therefore averred, that Equifax notified Defendant MDS of the Plaintiff's dispute.

58. Upon receipt of the dispute of the account from the Plaintiff by Equifax, MDS failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

59. Had MDS done a reasonable investigation it would have been revealed to MDS that this collection account was improper.

60. Furthermore, MDS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

61. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

62. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

63. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

64. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

<u>CCS Dispute and Violation</u>

65. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a CCS collection account.

66. The inaccurate information furnished by Defendant CCS and published by Equifax is inaccurate because it a collection account for which the Plaintiff disputed owing money to the creditor, and has no relationship with this debt collector.

67. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

68. Plaintiff notified Equifax that she disputed the accuracy of the information being reported with a letter sent on or around November 13, 2018.

69. It is believed, and therefore averred, that Equifax notified Defendant CCS of the Plaintiff's dispute.

70. Upon receipt of the dispute of the account from the Plaintiff by Equifax, CCS failed to conduct a reasonable investigation and continued to report false and inaccurate

adverse information on the consumer report of the Plaintiff with respect to the disputed account.

71. Had CCS done a reasonable investigation it would have been revealed to CCS that this collection account was improper.

72. Furthermore, CCS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

73. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

74. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

75. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

76. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

77. on Plaintiff's credit file and a chilling effect on future applications for credit.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Equifax)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Equifax Information Services violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax Information Services maintained concerning the Plaintiff.

81. Equifax Information Services has willfully and recklessly failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h)  The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

82. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

83. The conduct, action and inaction of Equifax Information Services was willful rendering Equifax Information Services liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

85. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

87. Equifax Information Services violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

88. Equifax Information Services has negligently failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

89. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

90. The conduct, action and inaction of Equifax Information Services was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

91. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

92. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

93. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

94. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

95. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)  The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

96. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

97. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

98. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

99. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

100. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

101. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

102. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

103. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

105.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.


**FIFTH CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Experian)**

106.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

107.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

108.    Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

109.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

  a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

110.    As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

111.    The conduct, action and inaction of Experian was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

112.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from

Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her

favor against Defendant, Experian, for damages together with attorney's fees and court costs

pursuant to 15 U.S.C. § 1681n.

### SIXTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Experian)**

113.    Plaintiff incorporates by reference the above paragraphs of this Complaint as

though fully state herein with the same force and effect as if the same were set forth at

length herein.

114.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C.

§ 1681 *et seq*.

115.    Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information

from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which

to verify the disputed information in the credit file of the Plaintiff.

116.    Experian has negligently failed to comply with the Act. The failure of Experian to

comply with the Act include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy

of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a

reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

117.   As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

118.   The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

119.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to ACA)

120.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

121.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

122.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

123.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

124.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the

information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

125.   The Defendant ACA violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

126.   Specifically, Defendant ACA continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and false late payment notations.

127.   Had ACA done a reasonable investigation they would have seen that the late payments were false and inaccurate.

128.   Additionally, Defendant ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

129.   As a result of the conduct, action and inaction of the Defendant ACA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

130.   The conduct, action and inaction of Defendant ACA was willful, rendering Defendant ACA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

131.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant ACA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant ACA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to ACA)

132.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

133.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

134.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

135.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

136.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

137.    Defendant ACA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

138.    After receiving the Dispute Notices from the Bureaus, Defendant ACA negligently failed to conduct its reinvestigation in good faith.

139.    A reasonable investigation would require a furnisher such as Defendant ACA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

140.    Had ACA done a reasonable investigation they would have seen that the late payments were false and inaccurate.

141.    Additionally, Defendant ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

142.    The conduct, action and inaction of Defendant ACA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

143.    As a result of the conduct, action and inaction of the Defendant ACA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

144.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant ACA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant ACA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **NINTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Telerecovery)**

145.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

146.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

147.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

148.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

149.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

150.   The Defendant Telerecovery violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

151.   Specifically, Defendant Telerecovery continued to report the account on the Plaintiff's credit report after being notified of her dispute regarding the false and unverified account.

152.   Had Telerecovery done a reasonable investigation they would have seen that this collection account was not accurate.

153.   Additionally, Defendant Telerecovery failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

154.   As a result of the conduct, action and inaction of the Defendant Telerecovery, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

155.   The conduct, action and inaction of Defendant Telerecovery was willful, rendering Defendant Telerecovery liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

156.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Telerecovery in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant Telerecovery for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Telerecovery)

157.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

158.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

159.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

160.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

161. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

162. Defendant Telerecovery is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

163. After receiving the Dispute Notice from Equifax, Defendant Telerecovery negligently failed to conduct its reinvestigation in good faith.

164. A reasonable investigation would require a furnisher such as Defendant Telerecovery to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

165. Had Telerecovery done a reasonable investigation they would have seen that this collection account was not accurate.

166. Additionally, Defendant Telerecovery failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

167. The conduct, action and inaction of Defendant Telerecovery was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

168. As a result of the conduct, action and inaction of the Defendant Telerecovery, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit

from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

169.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Telerecovery in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant Telerecovery, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## ELEVENTH CAUSE OF ACTION

### (Violations of the FDCPA as to Telerecovery)

170.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

171.    Defendant Telerecovery's improper credit reporting and failure to mark the account as disputed after receiving notice of the Plaintiff's dispute is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

172.    As a result of the Defendant violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## TWELFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to MDS)

173.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

174.   This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

175.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

176.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

177.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

178.   The Defendant MDS violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

179.    Specifically, Defendant MDS continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the false and unverified account.

180.    Had MDS done a reasonable investigation they would have seen that this collection account was not accurate.

181.    Additionally, Defendant MDS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

182.    As a result of the conduct, action and inaction of the Defendant MDS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

183.    The conduct, action and inaction of Defendant MDS was willful, rendering Defendant MDS liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

184.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant MDS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant MDS for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## THIRTEENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to MDS)

185.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

186.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

187.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

188.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

189.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

190.    Defendant MDS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

191.    After receiving the Dispute Notice from Equifax, Defendant MDS negligently failed to conduct its reinvestigation in good faith.

192.    A reasonable investigation would require a furnisher such as Defendant MDS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

193.    Had MDS done a reasonable investigation they would have seen that this collection account was not accurate.

194.    Additionally, Defendant MDS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

195.    The conduct, action and inaction of Defendant MDS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

196.    As a result of the conduct, action and inaction of the Defendant MDS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

197.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant MDS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant MDS, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FOURTEENTH CAUSE OF ACTION

### (Violations of the FDCPA as to MDS)

198.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

199.    Defendant MDS's improper credit reporting and failure to mark the account as disputed after receiving notice of the Plaintiff's dispute is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

200.    As a result of the Defendant violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FIFTEENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to CCS)

201.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

202.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

203.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

204.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

205.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

206.    The Defendant CCS violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

207.    Specifically, Defendant CCS continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the false and unverified account.

208.    Had CCS done a reasonable investigation they would have seen that this collection account was not accurate.

209.    Additionally, Defendant CCS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

210.    As a result of the conduct, action and inaction of the Defendant CCS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

211.   The conduct, action and inaction of Defendant CCS was willful, rendering Defendant CCS liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

212.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant CCS for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTEENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to CCS)

213.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

214.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

215.   Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

216.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

217.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

218.    Defendant CCS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

219.    After receiving the Dispute Notice from the Equifax, Defendant ACA negligently failed to conduct its reinvestigation in good faith.

220.    A reasonable investigation would require a furnisher such as Defendant CCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

221.    Had CCS done a reasonable investigation they would have seen that this collection account was not accurate.

222.    Additionally, Defendant CCS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

223.    The conduct, action and inaction of Defendant CCS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

224.    As a result of the conduct, action and inaction of the Defendant CCS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from

credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

225.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Felecia Biffle, an individual, demands judgment in her favor against Defendant CCS, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTEENTH CAUSE OF ACTION

### (Violations of the FDCPA as to CCS)

226.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

227.    Defendant CCS's improper credit reporting and failure to mark the account as disputed after receiving notice of the Plaintiff's dispute is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

228.    As a result of the Defendant violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

229.   Plaintiff demands and hereby respectfully requests a trial by jury for all claims

and issues this complaint to which Plaintiff is or may be entitled to a jury trial.


**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs demand judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for

each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15

U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.


Dated: October 13, 2020                    Respectfully Submitted,

                                           */s/ David I. Schoen*
                                           By:  David I. Schoen, Esq.,
                                           Alabama Bar No. 0860-O42D
                                           2800 Zelda Road, Suite 100-6
                                           Montgomery, AL, 36106
                                           Phone: 334-395-6611

Fax: 917-591-7586
Email: Schoenlawfirm@gmail.com
*Attorneys for Plaintiff*


/s/Yaakov Saks
Yaakov Saks, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Email: ysaks@steinsakslegal.com
*Attorneys for Plaintiff*

PRO HOC VICE APPLICATION
TO BE FILED